Ben L. Salee, J.
Defendant has been charged with a violation of chapter XXI of the Village Ordinances, which provides:
“ FLOODLIGHTS
“ Section 1. All outdoor floodlights and spotlights used by the owner or lessee of any property, other than lights used for the illumination of beaches, must be so located and shielded so *1001 as to prevent their shining upon the property of any adjacent property owner.
‘1 Section 2. If any owner or lessee shall, after 14 days written notice so to do, fail or neglect to remedy any condition of Section 1 above, he shall be liable to a fine or penalty of $10.00 for each day that he shall continue such violation after such notification. The notice herewith required to be given by this Section may be served by mailing such notice to such owner or lessee, addressed to his last known address.”
The complaint alleges, among other things, that defendant’s floodlights ‘ ‘ harassed, disturbed and annoyed me from about 8 p.m. to 2 A.M.”.
From the testimony adduced at the trial, together with the personal inspection of the respective adjacent residences of the complainant and defendant, made by the court at the close of the trial, there is no doubt but that the allegations of the complaint were amply sustained. Defendant’s floodlights, shining upon complainant’s property, were unquestionably of such an intensity, and placed at such an angle, that it was not at all difficult to find, and the court does so find, that they were insufficiently shielded and did harass, disturb and annoy the complainant. So much for the facts.
The greater problem here however appears to be one of law in weighing the validity and enforeibility of the ordinance, and testing the question of whether the violation of it in its present form, even though proven, spells out a crime or offense. Obviously the answer lies in determining whether, as written, it contains sufficiently precise standards by which an ordinarily prudent person can be informed of his duty and obligations in order to meet its requirements.
Dealing as we are here with a quasi-criminal prosecution, the enactment sought to be enforced must, beyond question, contain all, and not merely some, of the elements required of a criminal statute, to wit: that it be sufficiently definite, clear and positive in all respects, leaving nothing to conjecture.
As stated, the ordinance requires that all floodlights and spotlights must be so located and shielded so as to prevent their shining upon the property of any adjacent property owner.
The interpretation of the words “floodlight” and “ spotlight ’ ’ creates no problem, since they are well defined in Warner Bros. Pictures v. Westover (70 F. Supp. 111, 115) as follows: spotlights, which concentrate light in one spot; floodlights, used to concentrate a high degree of light, or diffuse it into a definite space, so as to illuminate it highly ’ ’. Thus the mean *1002 ing of these words, contained in the ordinance, is clear and understandable.
The particular difficulty however is in assigning proper weight to the words “ shining upon ”, the violation of which, standing alone, appears to be the very heart and soul of the ordinance in question.
Webster’s Third New International Unabridged Dictionary defines ‘ shine ” as “to emit rays of light ” “to be bright by reflection of light ’ ’, etc. The noun ‘ ‘ shine ’ ’ is defined as ‘ ‘ brightness caused by the emission of light ’ ’. At no point, it is important to note, is there any indication that mere light in and of itself is annoying, harassing, disturbing or susceptible of being unlawful in character.
Even assuming at this point, which actually is not the case, that the mere shining of floodlights or spotlights upon the property of an adjacent owner did in and of itself create an offensive condition which required some sort of regulation, or possibly complete prohibition, does our statute go far enough in declaring it so? I think not, and in this connection it is interesting to note, by comparison, the definition in the same dictionary, of the word “ glare ” which obviously was intended to have been the subject of the ordinance, said word being described as “to shine * * * with a harsh uncomfortably brilliant light * * * shine with an intense disagreeable brightness * * * shine blindingly”.
Thus we find ourselves in the position of dealing with a statute which by its terms, bravely sets out to declare unlawful, an act which when having been proven to be annoying, offensive, distasteful and even possibly injurious, is otherwise perfectly lawful, and then the statute, having traveled a good part of the distance stops short of achieving its ultimate destination in that it fails to set out any standards or rules of conduct indicating or in any way limiting the amount or degree of light which may be permitted to be cast upon adjacent or neighboring property.
The omission cannot of course be supplied by the court and requires the act of the legislative body. The illuminating decision of Judge Keating in People v. Byron (17 N Y 2d 64), popularly known as the “ muffler case ”, and which in the opinion of this court is the one most closely analogous to the case at hand, is indicative of what such a statute should contain in order to provide a valid and enforcible law.
Defendant’s motion to dismiss, made at the close of the case, must therefore be granted, and judgment is herewith rendered accordingly, dismissing the complaint and discharging the defendant.